vmd                               470099                                    03264-57561

TARSHIS, CATANIA, LIBERTH, MAHON & MILLIGRAM, PLLC
Attorneys for the Debtor and Debtor in Possession
A.T. REYNOLDS & SONS, INC., dba Leisure Time Spring Water
One Corwin Court, PO Box 1479
Newburgh, New York 12550
Telephone: (845) 565-1100
Steven L. Tarshis, Esq.
Nicholas A. Pascale, Esq.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------X
In re:

A.T. REYNOLDS & SONS, INC.,
dba  Leisure Time Spring Water,

      Debtor.
------------------------------------------------------X

CHAPTER 11

CASE NO. 08-37739(CGM)

**APPLICATION OF DEBTOR PURSUANT TO SECTIONS**
**327(a) AND 328(a) OF THE BANKRUPTCY CODE AND**
**BANKRUPTCY RULE 2014(a) FOR AUTHORIZATION TO**
**EMPLOY AND RETAIN TARSHIS, CATANIA, LIBERTH,**
**MAHON & MILLIGRAM, PLLC, AS ATTORNEYS FOR THE DEBTOR**

**TO THE HONORABLE CECELIA G. MORRIS,**
**UNITED STATES BANKRUPTCY JUDGE:**

  A.T. REYNOLDS & SONS, INC., dba LEISURE TIME SPRING WATER, as debtor and debtor in possession (the "Debtor"), respectfully represents:

**Background**

  1. On the date hereof (the "Commencement Date"), the Debtor commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtor is authorized to continue to operate its business and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

## Jurisdiction

2. This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## The Retention of Tarshis, Catania, Liberth, Mahon & Milligram, PLLC

3. The Debtor seeks court approval, pursuant to Bankruptcy Code section 328(a), (incorporating Bankruptcy Code section 327(a)) to retain Tarshis, Catania, Liberth, Mahon & Milligram, PLLC ("TCLMM") as its attorneys in connection with the commencement and prosecution of its chapter 11 case to perform the extensive legal services necessary, in accordance with TCLMM's normal hourly rates in effect when services are rendered and normal reimbursement policies.

4. The Debtor has selected TCLMM as its attorneys because of TCLMM's (i) knowledge of the Debtor's business and financial affairs, (ii) expertise in reorganizations, and (iii) extensive general experience and knowledge, and in particular, its experience in the field of Debtors' protections and creditors' rights and business reorganizations as well as experience in cases under chapter 11 of the Bankruptcy Code.

5. TCLMM has the necessary background to deal effectively with many of the potential legal issues and problems that may arise in the context of the Debtor's chapter 11 case. The Debtor believes that TCLMM is both well qualified and uniquely able to represent it in its chapter 11 case in a most efficient and timely manner.

6. If the Debtor were required to retain attorneys other than TCLMM in connection with the prosecution of this chapter 11 case, the Debtor, its estate, and all parties

in interest would be unduly prejudiced by the time and expense necessarily attendant to such attorneys' familiarization with the intricacies of the Debtor and its business operations.

**Scope of Services**

7. The employment of TCLMM in accordance with its normal hourly rates and disbursement policies in effect from time to time is appropriate and necessary to enable the Debtor to execute faithfully its duties as debtor and debtor in possession and to implement its restructuring and reorganization. TCLMM would be employed to:

 (i) take all necessary action to protect and preserve the estate of the Debtor, including the prosecution of actions on the Debtor's behalf, the defense of any actions commenced against the Debtor, the negotiation of disputes in which the Debtor is involved, and the preparation of objections to claims filed against the Debtor's estate;

 (ii) prepare on behalf of the Debtor, as debtor in possession, all necessary motions, applications, answers, orders, reports, and other papers in connection with the administration of the Debtor's estate;

 (iii) negotiate and prepare on behalf of the Debtor a plan of reorganization and all related documents thereto; and

 (iv) perform all other necessary legal services in connection with the prosecution of this chapter 11 case.

8. It is necessary for the Debtor to employ attorneys under a general retainer to render the foregoing professional services.

9. TCLMM has stated its desire and willingness to act in this chapter 11 case and render the necessary professional services as attorneys for the Debtor. To the best of the Debtor's knowledge, the members, counsel, and associates of TCLMM do not have any connection with, or any interest adverse to, the Debtor, its creditors, or any other party in interest, or their respective attorneys and accountants, except as may be set forth in the affidavit of STEVEN L. TARSHIS, counsel to TCLMM (the "Tarshis Affidavit"). Except as

disclosed in the Tarshis Affidavit, TCLMM has represented to the Debtor that it has not represented and will not represent any parties other than the Debtor in this case or in connection with any matters that would be adverse to the Debtor arising from, or related to, this case.

10. TCLMM received certain amounts (as set forth in the Tarshis Affidavit) advanced from the Debtor as compensation for professional services performed and to be performed relating to the potential restructuring of the Debtor's financial obligations and the commencement and prosecution of this chapter 11 case and for the reimbursement of reasonable and necessary expenses incurred in connection therewith. TCLMM has used this advance to credit the Debtor's account for its charges for professional services performed and expenses incurred prior to the Commencement Date. After application of amounts from the advance for payment of any pre-petition professional services and related expenses, the excess amounts will be maintained as a retainer.

11. The Debtor understands that TCLMM intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), guidelines established by the Office of the United States Trustee, and further orders of this Court, subject to TCLMM's rights under Bankruptcy Code section 328(a) for all services performed and expenses incurred after the Commencement Date.

12. Pursuant to section 328(a) of the Bankruptcy Code, the Debtor may retain TCLMM on any reasonable terms and conditions. The Debtor and TCLMM have agreed that TCLMM shall be paid its customary hourly rates for services rendered that are in effect from

time to time, as set forth in the Tarshis Affidavit, and shall be reimbursed according to TCLMM's customary reimbursement policies.

## Waiver of Memorandum of Law

13. This Application includes citations to the applicable authorities and does not raise any novel issues of law. Accordingly, the Debtor respectfully requests that the Court waive the requirement contained in Local Rule 9013-1 as amended August 4, 2008 that a separate memorandum of law be submitted.

## Notice

14. No trustee, examiner, or creditors' committee has been appointed in the Debtor's chapter 11 case. Notice of this Application has been provided to (i) the Office of the United States Trustee for the Southern District of New York and (ii) the holders of the twenty (20) largest unsecured claims against the Debtor.

15. No previous request for the relief sought herein has been made by the Debtor to this or any other court.

**WHEREFORE** the Debtor respectfully requests that the Court enter an order granting the Debtor the relief requested herein and such other and further relief as to the Court may seem just and proper.

Dated: Newburgh, New York  A.T. REYNOLDS & SONS, INC.,
December 5, 2008  dba Leisure Time Spring Water
  Debtor and Debtor in Possession

By: */s/Harold B. Reynolds*
HAROLD B. REYNOLDS
PRESIDENT