Kenneth A. Rosen, Esq. (KR 4963)
Mary E. Seymour, Esq. (MS 3950)
**LOWENSTEIN SANDLER PC**
65 Livingston Avenue
Roseland, New Jersey 07068
Tel: (973) 597-2500
Fax: (973) 597-2400
*Counsel to the Official Committee*
*Of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>A.T. REYNOLDS & SONS, INC, d/b/a LEISURE TIME SPRING WATER,<br><br>Debtor. | Chapter 11<br><br>Case No. 08-37739 (CGM) |

**APPLICATION FOR ORDER UNDER 11 U.S.C. §§ 1103 AND 328(a)
AND FED. R. BANKR. P. 2014(a) AUTHORIZING AND APPROVING EMPLOYMENT
AND RETENTION OF M.S. ACKERMAN & CO., LLP AS FINANCIAL ADVISORS
FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

The Official Committee of Unsecured Creditors (the "Committee") of A.T. Reynolds & Sons, Inc., the above-captioned debtor and debtor-in-possession (the "Debtor') submits this application (the "Application") for the entry of an Order pursuant to 11 U.S.C. §§ 1103 and 328(a) and Federal Rule of Bankruptcy Procedure 2014(a) authorizing the employment and retention of M.S. Ackerman & Co., LLP as financial advisors to the Committee, effective as of January 23, 2009. In support of this Application, the Committee respectfully represents as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334. This is a

core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On December 5, 2008, the Debtor filed a voluntary petition for relief pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtor continues in possession of its assets as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. On December 30, 2008, the United States Trustee for the Southern District of New York appointed the Committee pursuant to Section 1102(a)(1) of the Bankruptcy Code. The Committee has retained Lowenstein Sandler PC as its counsel.

## RELIEF REQUESTED

4. By this Application, the Committee seeks entry of an Order pursuant to sections 1103 and 328(a) of the Bankruptcy Code authorizing the Committee to employ and retain Ackerman as its financial advisors, effective as of January 23, 2009.

5. The Committee understands that Ackerman is a full service accounting firm that has a specialty in insolvency and bankruptcy, particularly in representing unsecured creditors. Ackerman has many accounting and auditing clients and is active in the areas of financial and operational consulting, business valuations and mergers and acquisitions as well. In addition, Ackerman has substantial experience with respect to business valuations of closely-held corporations and family owned businesses.

6. The Committee has determined that it would be in its best interest to retain financial advisors to assist the Committee in this Chapter 11 case. The Committee desires to retain Ackerman to provide such financial professional services as Ackerman and the

Committee deem necessary and beneficial to the Committee and the unsecured creditor body. The financial services that the Committee may request include, but are not limited to, the following:

    (a) The review of all financial information prepared by the Debtor or its consultants as requested by the Committee including, but not limited to, a review of Debtor's financial statements as of the filing of the petition, showing in detail all assets and liabilities and priority and secured creditors;

    (b) Monitoring of the Debtor's activities regarding cash expenditures, receivable collections, asset sales and projected cash requirements;

    (c) Attendance at meetings including the Committee, the Debtor, creditors, their attorneys and consultants, Federal and state authorities, if required;

    (d) Review of Debtor's periodic operating and cash flow statements;

    (e) Review of Debtor's books and records for related party transactions, potential preferences, fraudulent conveyances and other potential pre-petition investigations;

    (f) Any investigation that may be undertaken with respect to the pre-petition acts, conduct, property, liabilities and financial condition of the Debtor, its management, creditors, including the operation of its business, and as appropriate, avoidance actions;

    (g) Review of any business plans prepared by the Debtor or the Debtor's approved consultant;

    (h) Review and analysis of proposed transactions for which the Debtor seeks Court approval;

    (i) Assistance in a sale process of the Debtor collectively or in segments, parts or other delineations, if any;

    (j) Assist the Committee in developing, evaluation, structuring and negotiating the terms and conditions of all potential plans of liquidation;

    (k) Provide expert testimony on the results of any findings;

    (l) Analysis of potential divestitures of the Debtor's operations;

    (m) Assist the Committee in developing alternative plans, including contacting potential plan sponsors if appropriate;

(n) Provide the Committee with other and further financial advisory services with respect to the Debtor, including valuation, and advice with respect to financial, business and economic issues, as may arise during the course of the case as requested by the Committee; and

(o) Provide such other financial and consulting services as may be requested by the Committee or its counsel and agreed to by Ackerman.

7. It is essential that the Committee employ a financial advisor to render the foregoing professional services in order to assist the Committee with their duties and to handle the many issues that may arise in the context of this case. The Committee believes that Ackerman is qualified to serve them in this Chapter 11 case and that the retention of Ackerman is in the best interests of the creditors. The services to be rendered by Ackerman will not duplicate the services to be rendered by any other professionals retained by the Committee in this bankruptcy case.

8. Ackerman will be compensated in such amounts as are more particularly described in the accompanying Certification of Mitchell E. Klingher, CPA (the "Klingher Certification"). The Committee understands that any compensation and expenses paid to Ackerman must be approved by this Court upon application consistent with the Bankruptcy Code, applicable Bankruptcy Rules, and any orders issued by this Court.

9. To the best of the Committee's knowledge and subject to the Klingher Certification, Ackerman currently and in the past has provided accounting services to Squire Corrugated Container Corporation. However, Ackerman represents no other entity in connection with this case, is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, and does not hold or represent any interest adverse to the Debtor's estate with respect to the matters upon which it is to be employed.

## NOTICE AND PRIOR APPLICATIONS

10. Notice of this Application has been given to (i) the Office of the United States Trustee, (ii) counsel to the Debtor, (iii) counsel to the Debtor's pre-petition secured lender, and (iv) all parties who have filed a notice of appearance pursuant to Fed. R. Bankr. P. 2002. The Committee respectfully submits that no further notice of the relief requested herein is necessary.

**WHEREFORE**, the Committee respectfully requests that this Court enter an Order (i) authorizing the retention, effective as of January 23, 2009, of Ackerman as financial advisors to the Official Committee of Unsecured Creditors, on the terms and conditions set forth herein, with fees and expenses to be paid pursuant to the Bankruptcy Rules, the Local Rules of this Court, and such other orders as the Court may direct, and (ii) for such other and further relief as the Court deems necessary and just.

Respectfully Submitted,

OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF A.T. REYNOLDS & SONS,
INC. D/B/A LESIURE TIME SPRING WATER

By: _/s/ James Beneroff_
James Beneroff, Chairperson

Dated: February 6, 2009