UNITED STATE BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
POUGHKEEPSIE DIVISION
------------------------------------------------------- X

In re:                                                              Case No. 08-37739

A.T. Reynolds & Sons, Inc.,                                         Chapter 11

       Debtor.

------------------------------------------------------- X

## **CLARIFIED AMENDED ORDER TO SHOW CAUSE**

**WHEREAS**, the Court makes the following findings:

      1. On November 12, 1993, General Order Nos. 116 and 117 were entered, establishing the Mediation Program for the Bankruptcy Courts of this district, which order was amended by General Order Nos. 143, 211 and 390, (the "General Mediation Orders").

      2. General Order No. 390, ¶ 3.2, provides among other things that parties ordered to mediation shall attend the mediation with a person with full negotiation authority, and that the mediator shall report any willful failure to attend or participate in good faith in the mediation process. *See also* General Order No. 390, ¶ 5.1 (confidentiality of mediation shall not prevent mediator from complying with obligation to report failure to attend or to participate in good faith).

      3. On December 5, 2008, Debtor commenced the above-captioned case.

      4. By Order dated August 27, 2009 (the "ATR Mediation Order"), the following parties were ordered to mediation: The Debtor, CCV Restructuring, Counsel to the Committee of Unsecured Creditors, Boreal Water Collection, Inc., and Wells Fargo Bank (the "Mediation Parties").

      5. By Order dated September 24, 2009, Robert Goldman was appointed mediator (the "Mediator").

      6. On November 17, 2009, a status conference was held (the "Status Conference"), at which counsel to the Mediation Parties and the Mediator appeared.

      7. At the Status Conference, the Mediator advised the Court at the status conference that one of the Mediation Parties failed to participate in good faith, and that the Mediator would submit a statement to the Court describing the circumstances giving rise to the Mediator's determination that the party failed to participate in good faith. Further mediation on the day of the Status Conference failed to achieve a resolution of the matter.

      8. On December 1, 2009, the Court received the Mediator's statement, in which the Mediator alleges that Wells Fargo failed to participate in the mediation in good faith in that

Wells Fargo, among other things, insisted upon a pleading in support of the mediation being filed with the Court and demanded to know the party representatives of the other Mediation Parties; and attended the mediation by appearance of parties without full settlement authority who mostly repeated the mantra that Wells Fargo would not consider any compromise the would involve taking a single dollar out of its pocket.

       9. If it is found that Wells Fargo failed to participate in good faith, then Wells Fargo will be in contempt of at least two Orders of this Court: General Order No. 390, and the ATR Mediation Order.

       10. Contempt of an order of the bankruptcy court may be punished by an award of actual and punitive damages.

Upon the foregoing findings, it is

       **ORDERED**, that a senior officer of Wells Fargo appear at 10 a.m. on December 31, 2009, before the Hon. Cecelia G. Morris at the United States Bankruptcy Court located at 355 Main Street, Poughkeepsie, New York 12601 and show cause why Wells Fargo should not be sanctioned for contempt of General Order No. 390 and the ATR Mediation Order (the "Contempt Hearing"); and it is further

       **ORDERED**, that a partner of Ruskin Moscou Faltischek P.C. and Daniel McAuliffe, Esq., appear at the Contempt Hearing and show cause why their client, Wells Fargo, and the law firm Ruskin Moscou Faltischek P.C. should not be sanctioned for contempt of General Order No. 390 and the ATR Mediation Order; and it is further

       **ORDERED**, that counsel to Debtor, the Committee, and Boreal attend the Contempt Hearing; and it is further

       **ORDERED**, that Wells Fargo and its counsel may file a brief, not to exceed ten (10) pages, on CM/ECF by 5 p.m. on December 18, on why they should not be held in contempt, and the Mediation Parties may file briefs on CM/ECF in favor of a finding of contempt and related sanctions by 5 p.m. on December 23, 2009, each brief not exceeding ten (10) pages; and it is further

       **ORDERED**, that the briefs mentioned in the preceding paragraph shall concern the mediation only, and shall not discuss the merits of the matter on which the parties were directed to mediation; and it is further

       **ORDERED**, that no adjournment of the Contempt Hearing shall be granted without the express permission of the Court. If the Court consents to an adjournment, then the Court shall issue a further Order.

Dated: Poughkeepsie, New York
       December 17, 2009

                                                         /s/ Cecelia Morris
                                                         U.S. Bankruptcy Judge