UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

                                                             Chapter 11

A.T. Reynolds & Sons, Inc.
d/b/a Leisure Time Spring Water,                   Case No. 08-37739 CGM

                              Debtor.
-----------------------------------------------------------X

## STATEMENT OF ISSUES ON APPEAL AND DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD

Wells Fargo Bank, N.A. ("Wells Fargo") and Ruskin Moscou Faltischek, P.C. ("RMF") (together, the "Appellants"), by and through its undersigned counsel, in accordance with the Federal Rules of Bankruptcy Procedure and the Federal Rules of Appellate Procedure, hereby files its: a) Statement of Issues to be Presented; and b) Designation of Items to be Included in the Record on Appeal to the United States District Court, Southern District of New York.

**I.**     **STATEMENT OF ISSUES ON APPEAL**

1. Whether the Bankruptcy Court erred in holding the Appellants in contempt of the Mediation Order by failing to participate at the mediation in good faith and, thus, subjecting the Appellants to sanctions.

2. Whether the Bankruptcy Court erred in determining that Wells Fargo sent a party to the mediation that did not have full settlement authority.

3. Whether the Bankruptcy Court erred in finding that the Appellants violated the terms of General Order M-211 and the Mediation Order.

4. Whether the Bankruptcy Court erred in establishing standards for a mediation party.

5. Whether the Bankruptcy Court erred in finding that Wells Fargo was not within its rights to request a clarification of the issues to be mediated and the identities of the parties to be present.

6. Whether the Bankruptcy Court erred in ordering Wells Fargo to mediation where Wells Fargo was not then a party in a pending issue in controversy before the court.

7. Whether the Bankruptcy Court erred in hearing its own motion to hold the Appellants in contempt for allegedly mediating in bad faith.

8. Whether the Bankruptcy Court erred in ruling that the Appellants demonstrated a lack of settlement authority because during a break in the mediation one of the Appellants' mediation parties engaged in a private phone conversation with an undisclosed party.

478331

## II. DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD[1]

| **Document** | **Date Filed** | **Document No:** |
|---|---|---|
| Transcript of Hearing held on 2/3/09 | 3/3/2009 | 110 |
| Transcript of Hearing held on 1/27/09 | 3/3/2009 | 111 |
| Order signed on 4/3/2009 Authorizing Sale of the Debtor's Assets, Free and Clear of Liens, Claims and Encumbrances and Granting Related Relief | 4/3/2009 | 175 |
| Transcript of Hearing held on 3/27/09 | 7/1/2009 | 202 |
| Motion to Allow Claims | 7/8/2009 | 203 |
| Order Granting Motion for allowance and payment of administrative claims | 7/21/2009 | 210 |
| First Motion to Reconsider FRCP 60 or FRBP 3008 this Courts order Granting Motion for Allowance and Payment of Certain Administrative Claims | 7/31/2009 | 211 |
| Order Denying Motion for Approval of Adequate Assurance of Payment to Utility Services and Continuation of Service | 8/13/2009 | 214 |
| Opposition to Motion to Reconsider Allowance and Payment of Certain Administrative Claims | 8/21/2009 | 217 |
| Letter Requesting Mediation Order | 8/21/2009 | 220 |
| Order Assigning Disputed Matter To Mediation And Setting Mediation Deadlines | 8/27/2009 | 224 |
| Motion for Mediation Order Appointing Robert Goldman As Mediator | 9/23/2009 | 226 |
| Order Granting Motion to Appoint Robert Goldman as Mediator | 9/24/2009 | 227 |
| Transcript of Hearing held on 11/17/09 | 11/19/2009 | 229 |
| Order to Show Cause why Wells Fargo and Counsel to Wells Fargo should not be sanctioned for contempt of General Order No. 390 and the ATR Mediation Order. | 12/3/2009 | 231 |

---

[1] The Appellants reserve the right to supplement this Designation of Record to include items not docketed, but which were relied upon by the Bankruptcy Court in issuing its Opinion and Order appealed from herein.

478331

| **Document** | **Date Filed** | **Document No:** |
|---|---|---|
| Letter Requesting Adjournment of Hearing on the Order to Show Cause | 12/7/2009 | 232 |
| So Ordered Stipulation signed on 12/8/2009 Denying Request for Adjournment of hearing on the order to show cause | 12/8/2009 | 233 |
| Transcript of Hearing held on 7/14/09 | 12/9/2009 | 234 |
| Transcript of Hearing held on 8/25/09 | 12/10/2009 | 235 |
| Response Brief to this Court's Order to Show Cause why Wells Fargo and its Counsel Should not be Held in Contempt | 12/15/2009 | 236 |
| Clarified Amended Order to Show Cause signed on 12/17/2009 | 12/17/2009 | 237 |
| Transcript of Hearing held on 12/31/09 | 1/11/2010 | 241 |
| Transcript of Hearing held on 12/1/09 | 1/27/2010 | 245 |
| Opinion signed on 2/5/2010 Sanctioning Wells Fargo Bank, N.A. for Failure to Comply with General Order M-211 and Order Directing Parties to Mediation | 2/5/2010 | 249 |
| Order signed on 2/5/2010 Sanctioning Wells Fargo Bank, N.A. for Failure to Comply with General Order M-211 and Order Directing Parties to Mediation | 2/5/2010 | 250 |
| Notice of Appeal | 2/19/2010 | 252 |

Dated:  Uniondale, New York
        March 4, 2010

RUSKIN MOSCOU FALTISCHEK, P.C.
Attorney for Appellant

By:     *s/ Jeffrey A. Wurst*
        Jeffrey A. Wurst, Esq.
        Daniel L. McAuliffe, Esq.
        East Tower, 15th Floor
        1425 RXR Plaza
        Uniondale, NY 11556-1425
        Phone: (516) 663-6600

478331